The Honorable John T. "Tom" Thull State Representative, 72nd District State Capitol, Room 302-S Topeka, Kansas 66612
Dear Representative Thull:
As State Representative for the 72nd District, you ask whether the Kansas Consumer Protection Act (KCPA)[1] applies to financial institutions' incidental sales of repossessed vehicles. In seeking this opinion, you provide us information on a Kansas Supreme Court case, Yorkv. InTrust Bank,[2] and numerous laws related to sales of repossessed vehicles and financial institutions. Specifically, you state as follows:
 "There are compelling reasons to distinguish York from the occasional sale of a repossessed vehicle by a financial institution. In addition, a survey of related laws proves that the occasional sale of a repossessed vehicle by a bank was never intended to put a bank in the same category and under the same rules of trade as an entity regularly engaged in the sale of used vehicles."
Whether a financial institution is subject to the KCPA when selling repossessed vehicles hinges on whether the institution is a supplier under the act. The KCPA defines "supplier" as "a manufacturer, distributor, dealer, seller, lessor, assignor, or other person who, inthe ordinary course of business, solicits, engages in or enforces consumer transactions, whether or not dealing directly with the consumer."[3]
The York case addressed whether a bank was a supplier under the KCPA when it sold residential real estate obtained through a deed in lieu of foreclosure. Notably, rather than selling the property as a whole to another developer, the bank attempted to subdivide and develop it with the intention of selling 57 individual lots or homes over a period of numerous years. The bank relied on an Ohio case[4] in arguing that it was "not a supplier under the KCPA because its ordinary business [was] banking, not selling real estate."[5]
The court rejected the bank's argument in keeping with the basic tenet that "the guiding principle to be applied in interpreting the KCPA is that the act is to be liberally construed in favor of the consumer."[6]
However, in finding that the bank's sales of the property were in the ordinary course of business and that the bank therefore was a supplier under the KCPA, the Court stated that "[t]he significant fact in the present case is that InTrust sold or intended to sell numerous lots over an extended period of time."[7]
Whether the courts also would consider a financial institution that only occasionally sells repossessed vehicles a supplier under the KCPA requires a review of related laws. "[I]n construing statutes and determining legislative intent, several provisions of an act or acts, inpari materia, must be construed together with a view of reconciling and bringing them into workable harmony if possible."[8] With that in mind, we look to the various statutory provisions dealing with financial institutions, consumer protection, and used car sales.
For instance, in another section of the KCPA — relating to odometer fraud — "supplier" is defined as follows:
 "(1) A licensed motor vehicle dealer; (2) any person or business which purchases, sells or exchanges five or more motor vehicles in any one calendar year; or (3) any person or business which in the ordinary course of business purchases, sells or exchanges motor vehicles, but supplier does not include any bank, trust company, trustee or lending company or institution which is subject to state or federal regulation as such, with regard to its disposition of repossessed vehicles."[9]
Similarly, under the provisions applicable to licensure of vehicle sales and manufacture, a "vehicle dealer" is defined as:
 "[A]ny person who: (1) For commission, money or other thing of value is engaged in the business of buying, selling or offering or attempting to negotiate a sale of an interest in vehicles . . . but does not include . . . any bank, trustee or lending company or institution which is subject to state or federal regulations as such, with regard to its disposition of repossessed vehicles. . . ."[10]
Finally, the Kansas retailers' sales tax act[11] defines an "[i]solated or occasional sale" as:
 "[T]he nonrecurring sale of tangible personal property . . . by a person not engaged at the time of such sale in the business of selling such property. . . . Such term shall include: (1) Any sale by a bank, savings and loan institution, credit union or any finance company . . . of tangible personal property which has been repossessed by any such entity."[12]
We believe there is a significant difference between a financial institution developing and selling numerous lots over several years in order to dispose of property obtained as a result of a deed in lieu of foreclosure, and a financial institution occasionally selling a vehicle it has repossessed. Nonetheless, a financial institution that regularly or frequently sells repossessed vehicles — or one that accumulates repossessed vehicles and then advertises or sells numerous vehicles at once — still might be considered a supplier under the KCPA. In other words, we do not believe any "bright line" rule exists to distinguish when a financial institution is or is not a supplier under the KCPA. Rather, we believe this determination is fact-sensitive and must be made on a case-by-case basis.
In summary, we do not believe a financial institution that only occasionally sells repossessed vehicles is a supplier subject to the provisions of the KCPA. When reading K.S.A. 2004 Supp. 50-624(j) in parimateria with K.S.A. 50-647(a), 8-2401(a) and K.S.A. 2004 Supp. 79-3602(q), it is our opinion that when a financial institution occasionally sells repossessed vehicles one at a time, it is not a supplier under the KCPA and therefore may disclaim or limit warranties on such vehicles.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Laura M. Graham Assistant Attorney General
PK:JLM:LMG:jm
[1] K.S.A. 2004 Supp. 50-623 et seq.
[2] 265 Kan. 271 (1998).
[3] K.S.A. 2004 Supp. 50-624(j) (emphasis added).
[4] Moore v. Florida Bank of Commerce, 654 F.Supp. 38 (S.D. Ohio 1986), aff'd 833 F.2d 1013 (6th Cir. 1987).
[5] 265 Kan. at 288.
[6] State ex rel. Stephan v. Brotherhood Bank and Trust Co.,8 Kan.App.2d 57, 60 (1982).
[7] 265 Kan. at 289.
[8] State ex rel. Morrison v. Oshman Sporting Goods Co., 275 Kan. 763,768 (2003).
[9] K.S.A. 50-647(a) (emphasis added).
[10] K.S.A. 8-2401(a) (emphasis added).
[11] K.S.A. 79-3601 et seq.
[12] K.S.A. 2004 Supp. 79-3602(q) (emphasis added).